SUMMARY ORDER

Plaintiff-Appellant Ming Yen Hou, pro se, appeals from the July 2, 2007, judg *62 ment in favor of Defendanb-Appellee, the New York City Department of Environmental Protection (“DEP”), entered in the United States District Court for the Southern District of New York (Sand, J.), following a grant of partial summary judgment and a subsequent bench trial on the issues that remained. See Ming Yen Hou v. N.Y. City Dep’t of Envtl. Prot., No. 98 Civ 1518(LBS), 2007 WL 1771609 (S.D.N.Y. June 19, 2007). We assume the parties’ familiarity with the underlying facts and procedural histoiy of the case, as well as with the issues presented on appeal.
We review the district court’s partial grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party. See Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir.1999). Summary judgment is appropriate where “there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law,” Fed.R.Civ.P. 56(c), i.e., “[wjhere the record taken as a whole could not lead a rational trier of fact to find for the non-moving party,” Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Following review we conclude that the district court propeily granted summary judgment in favor of DEP on Hou’s age discrimination claim, her Title VII claims occurring before January 10, 1997, and her claims involving denials of promotions in 2000 and 2001.
On appeal from a judgment entered following a bench trial, we review the district court’s findings of fact for clear error and its conclusions of law de novo. Grace v. Corbis-Sygma, 487 F.3d 113, 118 (2d Cir.2007). In entering judgment for the defendant, the district court found that plaintiff’s “allegations of racial or ethnic discrimination [were] not supported by any evidence whatsoever.” Ming Yen Hou, 2007 WL 1771609, at *1. And despite giving her “broad latitude” due to her pro se status, id., the court determined that plaintiff had “woefully failed to present any evidence in support of her claims of discrimination or retaliation,” id. at *2.
In her brief, Hou argues that the district court was “miserably” or “terribly” wrong in its conclusions that she suffered no discrimination or retaliation based on race or national origin; she challenges the district court’s findings in favor of DEP as clearly erroneous and not supported by the weight of the evidence. Upon review of the trial record we find no error in the district court’s findings. Hou offered no evidence at trial to support her conclusory allegations that her supervisors were racist or that she suffered from disparate treatment due to her Chinese heritage.
The district court also did not err in entering judgment for the defendant as to Hou’s failure to promote claim. In order to make out a prima facie case of discrimination in violation of Title VII, a plaintiff must show that: (1) she is a member of a protected class; (2) she performed the job satisfactorily; (3) an adverse employment action took place; and (4) the action occurred under circumstances giving rise to an inference of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Once a plaintiff alleges a pri-ma facie case of discrimination, the burden of production shifts to the employer to demonstrate a legitimate, nondiscriminatory reason for the adverse employment decision. See Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 63 (2d Cir.1997). The burden then shifts back to the plaintiff to present evidence that the employer’s proffered reason is a pretext for an impermissible motivation. See McDonnell Douglas, 411 U.S. at 804-05, 93 S.Ct. 1817.
*63 A review of the record demonstrates that, with respect to Hou’s delayed promotion claim, the district court did not clearly err in finding that DEP followed its uniform practice in not promoting anyone to Associate Chemist Level I prior to the “pool date,” which is when Hou was interviewed and selected for promotion. The court also did not err in finding that her racial or ethnic discrimination allegations with respect to the promotion claim were not supported by the evidence, which showed that Hou was considered difficult to work with and had communication problems throughout her tenure at DEP.
Finally, Hou challenges the district court’s evidentiary rulings. We “review evidentiary rulings for abuse of the district court’s broad discretion, reversing only when the court has ‘acted arbitrarily or irrationally.’ ” United States v. Nektalov, 461 F.3d 309, 318 (2d Cir.2006) (citation omitted). Here, the district court did not abuse its discretion. With respect to the medical doctor’s testimony, Hou sought to have him testify about injuries she suffered in 2002 for which she filed a worker’s compensation claim; however, her discrimination lawsuit primarily involved alleged discriminatory acts occurring prior to the filing of her complaint in 1998. Moreover, the court did not abuse its discretion in ruling that, because Hou’s technical proficiency was not at issue, Hou could not call an expert to testify about her proficiency. With respect to the deposition of Jian Qi, who had become unavailable as a witness after moving to China, the court did not abuse its discretion in not allowing the deposition testimony to be read at trial. DEP did not attend the deposition, and therefore, had no opportunity to cross-examine him. In fact, there was no evidence that DEP had ever even been notified of that deposition, and Hou’s former counsel, who was asked by the court for proof of a deposition notice, was unable to produce an affidavit of service. A further review of the record demonstrates that the court also did not abuse its discretion with respect to Hou’s remaining evidentiary challenges.
To the extent Hou’s appellate brief suggests a claim of judicial bias, Hou has provided no evidence to support this claim and none appears in the record. Adverse “judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.” Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Additionally, Hou’s argument that DEP’s application for fees should be denied is also without merit as the district court did deny the application “without prejudice to renewal after entry of a final judgment.”
We have considered Hou’s remaining arguments and find them to be without merit. For the foregoing reasons, we AFFIRM the judgment of the district court.